1

2

3

4

5

6

7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES V. STEBLEY, GINA
     STEBLEY, individuals,

11

12             Plaintiffs,              Case No. 2:12-cv-1109 MCE DAD PS

13        vs.

14   THE BANK OF NEW YORK              ORDER
     MELLON, et al.,

15

16             Defendants.

17   _____/

18             Plaintiffs, proceeding pro se, commenced this action by filing a complaint in the

19   El Dorado County Superior Court on March 19, 2012.  (Doc. No. 1-2 at 7.)  Defendants removed

20   the matter to this court on April 25, 2012.  (Doc. No. 1.)  The matter has been referred to the

21   undersigned for all purposes encompassed by Local Rule 302(c)(21).

22             On August 15, 2012, defendants noticed for hearing before the undersigned a

23   motion to dismiss plaintiffs' complaint without leave to amend.  (Doc. No. 10.)  Despite being

24   served with notice of the motion, plaintiffs did not file timely opposition.  (Doc. No. 10 at 12.)

25   On September 21, 2012, defendants' unopposed motion to dismiss was heard before the

26   undersigned pursuant to defendants' Notice of Motion filed August 15, 2012.  (Doc. No. 13.)

Despite having had ample time to do so, plaintiffs did not file written opposition or a statement of non-opposition to the motion to dismiss and did not appear at the hearing of the motion.

Pursuant to the Local Rules of Practice for the United States District Court for the Eastern District of California, opposition, if any, to the granting of a motion "shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date." Local Rule 230(c). "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Id. Failure to appear at the hearing of a properly noticed motion may be deemed withdrawal of any written opposition that was timely filed, in the discretion of the court, or may result in the imposition of sanctions. Local Rule 230(i). Failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). Failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Here, plaintiffs have failed to comply with Local Rule 230. In light of plaintiffs' pro se status and in the interests of justice, the court will provide plaintiffs with an opportunity to show good cause for their conduct along with a final opportunity to respond to defendants' pending motion.

IT IS HEREBY ORDERED that:

1. Plaintiffs shall show good cause in writing, no later than October 19, 2012, for failing to respond to defendants' motion and shall show why sanctions should not be imposed on them for failing to file timely opposition or non-opposition to the pending motion to dismiss and for failing to appear at the properly noticed hearing of that motion;

/////

2.  Any response to this order must be filed with the court and served on defendants' attorney of record; the response must be accompanied by opposition or a statement of non-opposition to defendants' motion to dismiss; if plaintiffs file opposition to the motion, they must address all arguments presented in the motion;

3.  If plaintiffs file opposition to defendants' motion on or before October 19, 2012, defendants' reply, if any, shall be filed and served no later than October 26, 2012; and

4.  Plaintiffs are cautioned that failure to file and serve a written response to this order, along with opposition or a statement of non-opposition to defendants' motion, will be deemed a statement of non-opposition to the granting of defendants' motion to dismiss this action without leave to amend and will also constitute grounds for imposing appropriate sanctions, specifically the dismissal of this action with prejudice for failure to comply with court orders and applicable rules and for lack of prosecution.  See Fed. R. Civ. P. 41(b).

DATED: September 26, 2012.


_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\stebley1109.osc

3