1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES V. STEBLEY, GINA
     STEBLEY, individuals,

11

12           Plaintiffs,              Case No. 2:12-cv-1109 MCE DAD PS

13       vs.

14   THE BANK OF NEW YORK             FINDINGS AND RECOMMENDATIONS
     MELLON, et al.,

15

16           Defendants.

17   _____/

18           Pursuant to the court's order to show cause filed on September 27, 2012, (Doc.

19   No. 14), plaintiffs were required to show cause in writing no later than October 19, 2012, for

20   their failure to respond to defendants' pending motion to dismiss and to show why sanctions

21   should not be imposed for their failure to file timely opposition or a statement of non-opposition

22   to that motion and for failing to attend the properly noticed hearing on the motion.

23           Plaintiffs, who are proceeding pro se, were cautioned that their failure to file and

24   serve written responses to the order to show cause, along with their opposition or statement of

25   non-opposition to the defendants' motion to dismiss, would be deemed a statement of non-

26   opposition to the granting of defendants' motion.  Plaintiffs were further cautioned that failure to

1

1  respond to the order to show cause would constitute grounds for imposing appropriate sanctions,

2  including dismissal of this action with prejudice for failure to comply with court orders and

3  applicable rules, and for lack of prosecution.  Nonetheless, plaintiffs have not responded to the

4  court's order to show cause in any way.

5                                     PROCEDURAL HISTORY

6             Plaintiffs, proceeding pro se, commenced this action by filing a complaint in the

7  El Dorado County Superior Court on March 19, 2012.  (Doc. No. 1-2 at 7.)  Defendants removed

8  the action to this court on April 25, 2012.  (Doc. No. 1.)  The matter has been referred to the

9  undersigned for all purposes encompassed by Local Rule 302(c)(21).

10            On August 15, 2012, defendants filed a motion to dismiss plaintiffs' complaint

11 without leave to amend.  (Doc. No. 10.)  The unopposed motion to dismiss was heard on

12 September 21, 2012.  (Doc. No. 13.)  Despite having had ample time to do so, plaintiffs did not

13 file written opposition or a statement of non-opposition to the motion to dismiss and did not

14 appear at the hearing of the motion.

15            On September 27, 2012, the undersigned issued an Order to Show Cause, ordering

16 plaintiffs to show cause in writing no later than October 19, 2012, as to why sanctions should not

17 be imposed on them for failing to file timely opposition or non-opposition to the pending motion

18 to dismiss and for failing to appear at the properly noticed hearing of that motion.  (Doc. No. 14.

19 at 2.)  Plaintiffs were cautioned that failure to file and serve a written response to that order,

20 along with opposition or a statement of non-opposition to defendants' motion, would be deemed

21 a statement of non-opposition to the granting of defendants' motion to dismiss this action

22 without leave to amend and would also constitute grounds for imposing appropriate sanctions,

23 specifically the dismissal of this action with prejudice for failure to comply with court orders and

24 applicable rules and for lack of prosecution.  (Doc. No. 14 at 3.)  The time for plaintiffs to

25 respond has expired and plaintiffs have not responded to the court's order in any way.  Moreover,

26 /////

1   the court's records reflect that plaintiffs have not filed any document since the case was removed

2   to federal court and have not demonstrated in any way that they intend to prosecute this action.

3                                                    ANALYSIS

4               The factors to be weighed in determining whether to dismiss a case for lack of

5   prosecution are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the

6   court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy

7   favoring disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v.

8   City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260

9   (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty

10  that should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963

11  F.2d at 1260.

12              Under the Local Rules of Practice for the United States District Court for the

13  Eastern District of California, opposition, if any, to the granting of a motion "shall be in writing

14  and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued)

15  hearing date."  Local Rule 230(c).  "No party will be entitled to be heard in opposition to a

16  motion at oral arguments if opposition to the motion has not been timely filed by that party."  Id.

17  Failure to appear at the hearing of a properly noticed motion may, in the discretion of the court,

18  be deemed withdrawal of any written opposition that was timely filed, or may result in sanctions.

19  Local Rule 230(i).

20              Failure of a party to comply with the Local Rules or any order of the court "may

21  be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or

22  within the inherent power of the Court."  Local Rule 110.  Any individual representing himself or

23  herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the

24  Local Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with

25  applicable rules and law may be grounds for dismissal or any other sanction appropriate under

26  the Local Rules.  Id.

1    Here, plaintiffs have failed to file timely responses to defendants' motion to

2 dismiss and failed to appear at the hearing of the properly noticed motion, in violation of

3 multiple provisions of Local Rule 230.  The court issued an order to show cause that provided

4 plaintiffs with yet another opportunity to file opposition or a statement of non-opposition to

5 defendants' motion, but plaintiffs failed to respond in any way.  The order to show cause warned

6 plaintiffs that failure to file a written response to the order to show cause together with

7 opposition or a statement of non-opposition to the motion would be deemed a statement of non-

8 opposition to the granting of the motion.  In light of that warning, plaintiffs' failure to respond

9 should be deemed a statement of non-opposition to the granting of the motion to dismiss filed by

10 defendants and their motion should be granted.

11    Plaintiffs' lack of prosecution of this case renders the imposition of monetary

12 sanctions futile, and the public interest in expeditious resolution of litigation, the court's need to

13 manage its docket, and the risk of prejudice to the defendants all support the sanction of

14 dismissal.  Only the public policy favoring disposition on the merits counsels against dismissal.

15 However, plaintiffs' failure to prosecute the action in any way makes disposition on the merits an

16 impossibility as to any defendant.  The undersigned will therefore recommend that this action be

17 dismissed with prejudice as to all defendants due to plaintiffs' failure to prosecute as well as their

18 failure to comply with the court's orders.  See Fed. R. Civ. P. 41(b).

19    Accordingly, IT IS HEREBY RECOMMENDED that:

20    1.  Defendants' August 15, 2012 motion to dismiss (Doc. No. 10) be deemed

21 unopposed and, so deemed, be granted;

22    2.  Plaintiffs' claims against all defendants be dismissed with prejudice due to

23 lack of prosecution, as evidenced by plaintiffs' failure to file opposition or a statement of non-

24 opposition to the motion to dismiss filed on behalf of defendants, failure to appear at the hearing

25 of the motion to dismiss, and failure to prosecute the action in any manner since April 25, 2012;

26 and

1          3.  This case be closed.

2              These findings and recommendations will be submitted to the United States

3    District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within

4    fourteen (14) days after being served with these findings and recommendations, any party may

5    file written objections with the court.  A document containing objections should be titled

6    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections

7    shall be filed within seven (7) days after service of the objections.  The parties are advised that

8    failure to file objections within the specified time may, under certain circumstances, waive the

9    right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10   DATED: October 28, 2012.

11

12   _____
     DALE A. DROZD
13   UNITED STATES MAGISTRATE JUDGE

14

15

16   DAD:6
     Ddad1\orders.pro se\stebley1109.dlop.f&rs
17

18

19

20

21

22

23

24

25

26

5